IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James R Lapan,<br><br>Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>Respondents. | No. CV-24-00186-TUC-AMM<br><br>**ORDER** |

On June 18, 2025, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending this Court deny Petitioner James R. LaPan's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.[1] (Doc. 17.) LaPan filed Objections to the R&R, and Respondent filed a Response. (Docs. 18–19.) For the reasons discussed below, the Court will overrule LaPan's objections and adopt the R&R.

A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

---

[1] The Court spells Petitioner's last name "LaPan" as done in the state court record, Petitioner's Right to Appeal Notice, the R&R, and Petitioner's Objection.

**I.     Discussion**

LaPan was convicted of first-degree murder and first-degree burglary and sentenced to natural life in prison. (Doc. 15-1 at 10.) LaPan appealed his conviction arguing inter alia that the trial court erroneously denied his motion to suppress evidence seized during a search of his home because the detective intentionally or recklessly omitted material information from her search warrant affidavit in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.*) The Arizona Court of Appeals granted review of LaPan's appeal but denied relief. (*Id.* at 22.) The Arizona Supreme Court denied LaPan's Petition for Review. (Doc. 15-5 at 255.) LaPan filed a Notice of Post-Conviction Relief in the superior court but did not file a Petition. (*Id.* at 261; Doc. 15-6 at 28.)

LaPan's present Petition alleges the unlawful search of his home and car violated his Fourth, Fifth, and Fourteenth Amendment rights. (Doc. 1.) The R&R recommends the Petition be dismissed because LaPan's Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), as he fully litigated the claim in state court, and his due process claim under the Fifth and Fourteenth Amendments was not fairly presented and properly exhausted in state court.[2] (Doc. 17 at 5–6.) The R&R further found LaPan's due process claim is no longer timely in state court, and thus the claim is technically exhausted but procedurally defaulted. (*Id.* at 6 (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).) Finally, the R&R concluded that LaPan did not establish cause and prejudice to overcome the default or show that a fundamental miscarriage of justice will occur if his due process claim is not addressed on the merits. (*Id.* at 7–8.)

In his Objection, LaPan concedes that a petitioner may not obtain habeas relief under the Fourth Amendment where the petitioner had a full and fair opportunity to litigate the issue in state court. (Doc. 18 at 4.) LaPan further concedes that he had a full and fair opportunity to litigate his Fourth Amendment claim in state court. (*Id.*) As such, after

---

[2] The R&R also notes that LaPan's due process claim is not cognizable under the Fifth Amendment because he alleges Pima County, a local government, committed the misconduct not the federal government. (Doc. 17 at 6–7.)

- 2 -

reviewing the R&R's Fourth Amendment analysis for clear error, the Court adopts this section.

LaPan's primary objection to the R&R is that it fails to review his due process claim on the merits.[3] (*Id.*) LaPan concedes that he failed to raise this claim in state court. (*Id.*) Nevertheless, LaPan asserts that the claim is not procedurally defaulted because his Fourth Amendment claim raised on appeal "implicitly and necessarily" included a due process claim under the Fifth and Fourteenth Amendments. (*Id.* at 3–4.) LaPan reasons that a due process claim is "co-extensive" with a claim under *Franks v. Delaware*, and therefore the trial court implicitly determined on the merits that no Fifth or Fourteenth Amendment violation occurred. (*Id.*)

LaPan cites no caselaw, and the Court has found none, to support his theory that a due process claim is implicit in a *Franks* claim. Further, a federal claim that has not been clearly presented to a state court fails to satisfy the habeas "fair presentation" standard. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (mandating a state prisoner to alert the state court to the presence of a federal claim "within the four corners" of the petition (citing *Baldwin v. Reese*, 541 U.S. 27, 32 (2004))). Therefore, even if Petitioner had a plausible due process claim, it has not been "fairly presented" and is now procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1. As such, Petitioner's objection is overruled.

## II.     Conclusion

The Court has reviewed the filings in this case, including LaPan's § 2254 Petition for Writ of Habeas Corpus (Doc. 1), Respondent's Response (Doc. 15),[4] the R&R (Doc.

---

[3] LaPan also asserts a blanket objection claiming that, due to the length of the R&R and the page limit for the objections, "it is impossible as a practical matter for Fuqua [sic] to address all specific objections," and he "expressly reserves his right to object to all aspects of the [R&R]." (Doc. 18 at 2 n.1.) Given the relatively short eight-page R&R, LaPan's four-page Objection—well below the ten-page limit—and the incorrect Petitioner's name, the Court infers this footnote was erroneously drafted. Nevertheless, LaPan may not assert a blanket objection to the R&R or reserve objections. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the Court reviews de novo those portions of the R&R to which *specific objection* is made); Fed. R. Civ. P. 72(b)(2) (requiring objections be "specific [and] written").

[4] Petitioner did not file a reply.

17), LaPan's Objection (Doc. 18), and Respondents' Response (Doc. 19). Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court agrees with the Magistrate Judge's findings and adopts the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 17.)

**IT IS FURTHER ORDERED** that Petitioner James R. LaPan's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 5th day of November, 2025.

Honorable Angela M. Martinez
United States District Judge